Pearson, C. J.
 

 The car which brought the hogshead of molasses passed
 
 beyond the old warehouse to come in on theside
 
 trade, and was, owing to the location of other cars, stopped at the western end of the new platform, and was not brought back to the old warehouse. “ Plaintiff’s driver applied for the molasses, and the agent told him to
 
 drive around,
 
 that it was at the west end of the new platform.” In the attempt to remove the molasses from the car to the wagon, using the west end of the new platform as a resting place, the molasses was lost.
 

 It is clear, from the statement of the case, that the defendant’s agent intended to land the molasses on the
 
 platform at the old warehouse,
 
 and failed to do so because some other cars were on the side track; and it is to be inferred that the driver of the plaintiff applied tor it at the old warehouse, and was told “to drive around.” So we. must take it that the platform at the old warehouse
 
 luas the usual place
 
 at which heavy articles were landed, and the attempt to remove the molasses from the car to the wagon at the west end-of the new platform (a place, by the by, which was very ill-suited for the purpose,) at an angle of 45 degs., was resorted to by the agent of the defendant in order to get around the difficulty caused by other cars being in the way.
 

 We hold, upon this state of facts, that the defendant is liable for the loss, on the ground that the molasses was not
 
 delivered
 
 according to its contract as a common carrier.
 

 If the molasses had been landed on the platform at the old warehouse, the usual place of landing such articles, we incline to the opinion that the transit of the article would have been at an end, so as to relieve the defendant from further liability as a
 
 common carrier.
 

 
 *424
 
 Whether Rail Road companies are compellable to furnish hands to remove heavy articles from the platform to wagons sent to haul them away, is a question into which we do not enter, except to remark that such a practice would greatly promote the convenience of persons who employ the road and add much to its business.
 

 We also refrain from expressing an opinion how far, if there be such a practice, the Rail Road companies would be liable for loss as common carriers, or'merely as bailees
 
 for
 
 hire, (we put out of the question the notion of a gratuitous bailment) because it is not set out in the case, whether there is such a practice at the Greensboro Station or not, and it may be that the attempt in this case to load the wagon is attributable to a desire to get the molasses into the wagon at an unusual and very unfit place, because of the difficulty of getting the car up to the right place. So this instance does not furnish any ground sufficient to infer a practice.
 

 As is said in
 
 Hilliard
 
 v.
 
 R. R. Co.,
 
 6 Jon., 343 : “We prefer feeling our Avay until the necessity of the decision in some case may require a direct determination.”
 

 Per Curiam. Judgment reversed, and judgment here foi plaintiff.