GEORGE W. PATTERSON *v.* the N. C. R. R. COMPANY.

Destruction of whiskey by a provost-marshal, under the authority of the Confederate States, in 1862, cannot be claimed as *the act of a public enemy,* by a Railroad Company situated within the limits of that government, and recognizing its control.

Leaving leaking barrels of whiskey, for a day and night, in a car whose doors were nailed up, standing upon the track in a village, at that time a military Post, was gross negligence ; and rendered the Railroad Company responsible for its destruction by the provost-marshal under his authority in matters of police.

ASSUMPSIT, tried before *Tourgee, J.,* at Fall Term 1869 of ALAMANCE Court.

The facts were that on the 21st of March 1862, the plaintiff had delivered to the defendant, at Gibsonville, N. C., eighteen barrels of whiskey, in good order, for the purpose of being transported to Goldsboro'. The doors of the cars in which they were placed, was nailed up, the keys being lost. Upon the way, the conductor discovered that the whiskey was leaking badly, running through the floor and dripping upon the ground, but, after trying to do so, he found himself unable to stop it. The train reached Goldsboro' upon Sunday, the 22nd of March, between 11 A. M., and 3 P. M., and was placed upon a side track, some 125 to 300 yards from the warehouse, because at the warehouse the track was occupied by other cars. Upon Monday morning the 23d, the whiskey was destroyed by the Confederate

military authorities, acting through the Provost Marshal's office of that post.

The defendant, upon these facts, asked the Court to instruct the jury:

1. That it was not obligatory upon the Company to store the whiskey in their warehouse immediately upon its arrival, and that the time during which it had actually been left unstored, was not unreasonable.

2. That the whiskey had been destroyed by the public enemy, without negligence or default by the company.

His Honor instructed the jury, among other things:

1. If they believed the destruction of the whiskey was caused, directly or indirectly, by the leakage, or by the failure of the defendant to secure the door by a lock, it was negligence, and the plaintiff ought to recover.

2. If the defendant knew that it was part of the military regulations of the Post of Goldsboro', that liquors conveyed to that station should be destroyed by the Provost Marshal, it was negligence in the defendant to assume its transportation and delivery there, and in such event the plaintiff ought to recover.

The defendant excepted.

Verdict for the plaintiff, for $3,190 77 with interest, &c: Rule, &c.; Judgment, and Appeal by the defendant.

*Blackmer and McCorkle*, for the appellant.
*Graham, contra.*

1. As to liability: The question is one of *legal obligation*, not of *actual blame* ; *Backhouse* v. *Sneed*, 1 Mur. 173, *Harrell* v. *Owens*, 1 D. & B. 273, *Arrington* v. *W. & W. R. R. Co.* 6 Jon. 68, *Knox* v. *N. C. R. R. Co.* Id. 415.

2. The danger is not *remote :* *Hatchell* v. *Kimbrough*, 4 Jon. 163, *Lane* v. *Washington*, 8 Id. 248, *Green* v. *Dibble* 1 Jon. 332, Sedge. Dam. 88 and seq.

3. Confederate troops were not *public enemies,* for any pur-

pose material in this suit: *Story, Bailm.* §506; See also *Benbow* v. *N. C. R. R. Co.,* Phil. 421.

DICK, J.   The defendant, as a common carrier, received the goods of the plaintiff for transportation to Goldsboro'. As no special contract was made, limiting the common law responsibility of common carriers, the defendant was liable for any loss or damage not occasioned by the act of God, or the public enemy.   The goods were destroyed by soldiers under an order of an officer of the Confederate government.

This can not be regarded as the act of a public enemy. The Confederate government at that time was well organized and in full operation, and, so far as its citizens were concerned, it was certainly a government *de facto,* performing many of the duties, and exercising more than the ordinary powers of a government *de jure.*   Both the plaintiff and defendant were within the limits of that government, and recognized its control, and received its protection, and neither of them can properly say that any thing done by its authorits was the act of a public enemy.

The defendant has no right to complain of the stringent rules of the common law in regard to common carriers; for the loss of the goods might have been prevented by the exercise of ordinary care.   It was gross negligence in the defendant to leave a car loaded with leaking barrels of whiskey, for a day and night in a place where it was exposed, and in a condition calculated to invite the depredations of soldiers.

PER CURIAM.                         Judgment affirmed.